## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TD BANK, N.A.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-1607** |
| **LEE C. TOLIVER** | **SECTION: D(1)** |

### ORDER AND REASONS

Before the Court is a Motion to Remand filed by Plaintiff TD Bank, N.A..[1] Defendant Lee C. Tolivar opposes the Motion.[2]  After careful consideration of the parties' memoranda, the record, and the applicable law, the Court **REMANDS** this matter to the 24th Judicial District Court in the Parish of Jefferson, State of Louisiana.

### I.    FACTUAL AND PROCEDURAL BACKGROUND[3]

On May 31, 2018, Defendant Lee C. Tolivar secured a loan of $39,785.76 to purchase a 2017 Ford Flex from Don Bohn Ford. Plaintiff TD Bank, N.A., avers that after amicable demand, $20,422.43 is still outstanding on the loan.[4] To recover the outstanding amount on the loan, Plaintiff filed suit in the 24th Judicial District Court in Jefferson Parish on May 12, 2025.[5] Although Defendant advises that formal service of process was incomplete, Defendant nonetheless filed an answer to the state court action on June 3, 2025.[6]

---

[1] R. Doc. 7.
[2] R. Doc. 8.
[3] Unless otherwise stated, the factual background is taken from Plaintiff's state court petition. *See.* R. Doc. 4-4.
[4] R. Doc. 4 at p. 4.
[5] *Id.*
[6] R. Docs. 7-4 and 9 at p. 1; *see also* R. Doc. 9-7.

On July 28, 2025, Defendant filed a Notice of Removal in this Court, asserting that removal of this case to federal court is proper under 28 U.S.C. §1331 and §1441(c)(1)(A): federal question jurisdiction.[7] Defendant cites several federal laws, claiming that the statutes provide a jurisdictional basis for removal, including the Truth in Lending Act, Fair Debt Collection Practices Act, UCC Articles 3, 9, and 1-308, IRS and Treasury oversight rules, and bankruptcy protections.

On September 2, 2025, Plaintiff filed the instant Motion to Remand, arguing that removal was untimely and that defendant waived the right to removal. First, Plaintiff argues that Defendant voluntarily appeared in state court and filed an Answer to the action on June 3, 2025. Plaintiff contends that filing an Answer is sufficient to trigger the thirty-day period after service in which defendant is permitted remove the action.[8] Because the Notice of Removal was not filed until July 28, 2025, Plaintiff argues that the time period had lapsed and the removal was procedurally defective .[9] Second, Plaintiff argues that Defendant waived the right to remove the case by filing an Answer to the action in state court, thus engaging in substantive litigation inconsistent with an intent to remove.[10]

In response, Defendant argues that the Motion for Remand should be denied. Defendant argues that removal was timely because the thirty-day period for removal of an action begins to run at formal service of process and that, in this case, service

---

[7] R. Doc. 1 at p. 3.
[8] R. Doc. 7-4 at p. 1 (citing *City of Clarksdale v. BellSouth Telecomms., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005)).
[9] R. Doc. 7-4 at p. 2.
[10] *Id*. (citing *Brown v. Demco, Inc.,* 792 F.2d 478, 481 (5th Cir. 1986)).

was not perfected.[11] Additionally, Defendant contends that filing an Answer does not constitute a waiver of removal when the answer is defensive, seeking to preserve a party's rights.[12]

## II.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction.[13]  A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[14]  When original jurisdiction is based on a federal question, as Defendant alleges here, the well-pleaded complaint rule applies.[15] Under this rule, federal jurisdiction only exists "when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[16] By exclusive reliance on state law in their complaint, plaintiffs may avoid federal jurisdiction.[17] The removing party who seeks the federal forum has the burden of establishing federal jurisdiction over the action.[18] The removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[19]  Remand is proper if at any time the court lacks subject matter jurisdiction.[20]

---

[11] R. Doc. 9 at p. 2 (citing *Thompson v. Deutsche Bank Nat. Tr. Co.,* 775 F.3d 298 (5th Cir. 2014)).
[12] *Id.* (citing *Demco, Inc.,* 792 F.2d at 481).
[13] *Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 45 F.4th 816, 821 (5th Cir. 2022).
[14] 28 U.S.C. § 1441(a).
[15] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987).
[16] *Id.*
[17] *Id.*
[18] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) ("the burden of establishing federal jurisdiction rests on the party seeking the federal forum.").
[19] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).
[20] *See* 28 U.S.C. § 1447(c).

## III.    ANALYSIS

Plaintiff argues that this matter must be remanded, first because Defendant's removal of the suit was untimely and second, because Defendant waived the right to remove the case.[21] In addition to remand, Plaintiff seeks attorney's fees and costs because "Defendant's removal was untimely and lacked an objectively reasonable basis."[22]

### A. Subject-Matter Jurisdiction

While neither party raised the issue of subject-matter jurisdiction, the Court, finds it appropriate to raise the issue *sua sponte*.[23] In the present case, the Court raises the issue and determines that it lacks subject-matter jurisdiction to hear the action.

Defendant removed the case on July 28, 2025, invoking this court's federal question jurisdiction. Defendant reasoned that case stems "from alleged debt enforcement involving instruments presumed to fall under federal jurisdiction and administrative oversight."[24] The Notice of Removal then proceeds to cite several federal statutes Defendant believes to apply to the present case.

Federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."[25] Such actions may be removed to the federal court that embraces the court in which the action is pending.[26] To

---

[21] R. Doc. 7-4 at pp. 2-3.
[22] R. Doc. 7-4 at p. 2 (citing 28 U.S.C. §1447(c)).
[23] *See Bernhard v. Whitney Nat. Bank*, 523 F.3d 546, 550 (5th Cir. 2008).
[24] R. Doc. 1, at pp. 2-3.
[25] 28 U.S.C. §1331.
[26] 28 U.S.C. §1441.

determine whether the federal court has subject-matter jurisdiction over a case, the Court follows the well-pleaded complaint rule, "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[27] Importantly, because a defense is not part of a plaintiff's complaint, the presence of a federal defense does not create federal question jurisdiction.[28]

Here, the Plaintiff's state court petition provides no basis for federal jurisdiction. In one-page, the state court petition provides a plain statement of the facts of the case regarding Defendant's outstanding balance on an unpaid debt, recites the cause of action, and contains a prayer for relief.[29] Nothing on the face of the petition cites, suggests, or references any constitutional or statutory federal question. Because the well-pleaded complaint rule governs and because there is no federal question on the face of the complaint, this Court lacks the subject-matter jurisdiction to hear the case. Because the Court lacks subject-matter jurisdiction, its analysis ends here, and the case must be remanded.

### B. TD's Request for Attorney's Fees and Costs

Having determined removal was improper due to a lack of subject-matter jurisdiction, the Court turns to Plaintiff's request for attorney's fees and costs

---

[27] *Caterpillar*, 482 U.S. at 392.

[28] *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475, 118 S. Ct. 921, 925, 139 L. Ed. 2d 912 (1998) ("A defense is not part of a plaintiff's properly pleaded statement of his or her claim."); *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 14, 103 S. Ct. 2841, 2848, 77 L. Ed. 2d 420 (1983) ("a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint…").

[29] *See* R. Doc. 7-1, *Petition*.

incurred as a result of removal. Title 28, United States Code, Section 1447(c) provides that a court, upon ordering remand, "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "In general, 'courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.'"[30] A party that "'could conclude from th[e] case law that its position was not an unreasonable one' at the time of removal" had an objectively reasonable basis for removal.[31] "The district court's determination that removal was improper is insufficient grounds for awarding fees."[32]

Plaintiff argues that "Defendant's removal in this case was untimely and lacked an objectively reasonable basis."[33] Plaintiff's arguments in favor of remand were based on timeliness and waiver of the right to remove. Because the Court recognized that it lacks the subject-matter jurisdiction to hear the present case, timeliness did not factor into the Court's decision to remand the case.

To the extent Plaintiff intended to seek fees and costs based on lack of federal question jurisdiction, the Court likewise denies Plaintiff's request. In the Notice of Removal, Defendant raised several statutes that could have formed the basis for federal question jurisdiction had they been present on the face of the complaint. That the Court ultimately disagreed with the presence of federal question jurisdiction does

---

[30] *Thomas v. S. Farm Bureau Life Ins. Co.*, 751 F. App'x 538, 540 (5th Cir. 2018) (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704 (2005)).
[31] *Id.* (quoting *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)).
[32] *Riverside Const. Co. v. Entergy Miss., Inc.*, 626 F. App'x 443, 445 (5th Cir. 2015) (citing *Valdes*, 199 F.3d at 293).
[33] R. Doc. 5-1 at 5.

not, by itself, render Defendant's removal objectively unreasonable. The Court has also taken into consideration that Defendant is proceeding *pro se* in this matter. The Court therefore denies Defendant's request for attorney's fees and costs.

## IV.    CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that this matter is **REMANDED** to the 24th Judicial District Court in the Parish of Jefferson, State of Louisiana.

**IT IS FURTHER ORDERED** that TD Bank, N.A.'s Motion to Remand[34] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that TD Bank, N.A.'s request for attorney's fees and costs is **DENIED**.

New Orleans, Louisiana, October 6, 2025.

**WENDY B. VITTER**
**United States District Judge**

---

[34] R. Doc. 7.